**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RUBEN CERVANTES,

               Petitioner - Appellant,

   v.

LELAND MCEWAN, Acting Warden,
Calipatria State Prison,

               Respondent - Appellee.

No. 08-55345

D.C. No. 2:02-cv-03619-PA-JTL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 1, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and PANNER, Senior
District Judge.[**]

    Ruben Cervantes, a California state prisoner, appeals the district court's

denial of his petition for a writ of habeas corpus. Cervantes contends that he was

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Owen M. Panner, Senior District Judge for the U.S.
District Court for Oregon, Portland, sitting by designation.

denied his constitutional right to the effective assistance of counsel when his attorney failed to present the testimony of four potential alibi witnesses at trial. The California Supreme Court rejected this claim on the merits. In order to be entitled to relief, Cervantes must demonstrate that this decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The California Supreme Court did not unreasonably apply, or reach a decision contrary to, federal law in summarily denying Cervantes's claims that his trial counsel, Arlene Binder, was constitutionally deficient for failing to call as witnesses Elisa Corona and Maria Cervantes, and for failing to investigate with respect to Misael Gomez. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The state court record established that Binder was present for at least one interview with Elisa Corona and Maria Cervantes, Cervantes's mother and sister, respectively. Binder therefore had the opportunity to assess the credibility of these potential witnesses by "looking [them] in the eye and hearing [them] tell [their] story," *Lord v. Wood*, 184 F.3d 1083, 1095 (9th Cir.

2

1999), and could have made the strategic determination that their testimony would have been so implausible as to undermine Cervantes's defense. The state court record also demonstrated that, although Gomez had told the police that other gang members committed the shootings for which Cervantes was convicted, aspects of his account of one of the shootings corroborated portions of the testimony of key prosecution witnesses that implicated Cervantes. Binder may therefore have made a "reasonable decision" that Gomez's testimony would buttress the prosecution's case and inculpate Cervantes, a decision that made "particular investigations" into calling Gomez as a witness "unnecessary." *Strickland*, 466 U.S. at 691.

The final witness that Cervantes argues his trial counsel should have investigated and called at trial is Jose Hernandez. Hernandez's declaration, however, does not say how he knew Cervantes was at home during the shooting. His declaration says only that they both went to sleep some time before the shooting and the Cervantes never left thereafter; it does not state that Hernandez observed Cervantes at home at the time of the shooting. Moreover, even assuming that the state court's rejection of this aspect of Cervantes's petition was an "unreasonable application" of federal law, we cannot now grant Cervantes relief because he did not sufficiently establish this component of his claim in the evidentiary hearing held by the district court below. *Cf. Cullen v. Pinholster*, 131

3

S.Ct. 1388, 1412 (2011) (Breyer, J., concurring in part and dissenting in part).

Accordingly, we affirm the district court's dismissal of Cervantes's petition.

**AFFIRMED.**